UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHI CHEUNG, individually and on behalf all other employees similarly situated,

        Plaintiff,

- against -

AMERICAN BUSINESS INSTITUTE CORP. and WADE BAI

        Defendants.

Case No.

**COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND**

---

  Plaintiff CHI CHEUNG ("Plaintiff") on his own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants AMERICAN BUSINESS INSTITUTE CORP. and WADE BAI (collectively "Defendants"), alleges and shows the Court the following:

**INTRODUCTION**

  1. This is an action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

  2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, compensation for all hours worked and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4. Plaintiff further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) compensation for failure to provide wage notice at the time of hiring (3) liquidated damages equal to the sum of unpaid overtime pursuant to the NY Wage Theft Prevention Act; (6) prejudgment and post-judgment interest; and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendant American Business Institute Corp. maintain a place of business located at 41-60 Main Street, Suite 305, Flushing, New York 11355, and a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of New York.

## PLAINTIFF

7. Plaintiff Chi Chueng is a resident of Hudson County, New Jersey and was employed by American Business Institute, Inc. as a healthcare coordinator from on or around May 4, 2015 until January 20, 2017.

**DEFENDANTS**

8. Upon information and belief, Defendant, American Business Institute, Inc. ("ABI") is a home health care provider located at 41-60 Main Street, Suite 305, Flushing, New York 11355.

9. Upon information and belief, Defendant, ABI has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, ABI purchased and handled goods moved in interstate commerce.

10. Upon information and belief, Defendant Wade Bai is the owner, officer, director and/or managing agent of ABI at 41-60 Main Street, Suite 305, Flushing, New Yok 11355 and participated in the day-to-day operations of ABI and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with ABI.

11. Upon information and belief, Defendant Wade Bai owns the stock of ABI and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

12. At all times relevant herein, ABI was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

13. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by ABI.

14. The Individual Defendant Wade Bai is an officer, director, manager and/or majority shareholders or owners of the Defendant ABI and is individually responsible for unpaid wages.

15. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his his lawfully earned overtime compensation and and failed to provide him a wage notice at the time of hiring in violation of the NYLL.

16. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

17. Defendants committed the following alleged acts knowingly, intentionally and willfully.

18. Defendants knew that the nonpayment of overtime pay and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

19. From on or around May 4, 2015 to January 20, 2017, Plaintiff was employed by Defendants to work as a healthcare coordinator for Defendants' home health care company located at 41-60 Main Street, Suite 305, Flushing, New York 11355.

20. Plaintiff was responsible for work including but not limited to verifying time sheets, sorting paychecks, serving as a liaison between ABI administration and care managers, and making sure that service authorizations were up to date. Plaintiff's job duties were merely clerical and did not require any sort of independent discretion or judgment.

21. Plaintiff's general hours of work were from 9 a.m. until 5 p.m. Monday through Friday. Every other week he would also work on Saturday. Thus Plaintiff alternated each week between working forty (40) and forty-eight (48) hours per week.

*22.* From May 4, 2015 until November 2016 Plaintiff was paid an annual sum of $40,000. During this period Defendants failed to pay Plaintiff any overtime premiums for work performed in excess of forty hours in a week.

4

*23*.    Starting November 2016 until the end of his employment on January 20, 2017 Defendants did pay Cheung overtime premiums for work performed in excess of forty hours. However, Plaintiff was not paid the correct overtime rate.

24.    Defendants did not provide Plaintiff with a wage notices at the time of their hiring.

25.    Defendants did not compensate Plaintiff for overtime compensation according to state and federal laws.

26.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

27.    Defendants knew that the nonpayment of overtime a would economically injure Plaintiff and the Class Members by their violation of federal and state laws.

28.    While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

29.    Defendants did not provide Plaintiff and other Collective members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff and other Collective members' pay increase(s).

30.    Defendants committed the foregoing acts against the Plaintiff, and the FLSA Collective Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

31.    Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff or other similarly situated employees.

32. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

33. Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants as office workers for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

34. Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than twenty (20) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

35. Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment

6

law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

36. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

37. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

38. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

d. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

e. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

39.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

40.     Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

41.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

42.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

43. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

44. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

45. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

46. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

47. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

48. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II
### [Violation of New York Labor Law—Overtime Pay]

49. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

50. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

51. Defendants' failure to pay Plaintiff his overtime pay violated the NYLL.

52. Defendants' failure to pay Plaintiff was not in good faith.

## COUNT III
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

53. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

54. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

55. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

10

56. Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to each Plaintiff even after the fact.

57. Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

### Prayer For Relief

WHEREFORE, Plaintiff, on behalf of himself and the FLSA collective plaintiffs, respectfully requests that this court enter a judgment providing the following relief:

a) Authorizing plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt office workers. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e) An injunction against American Business Institute Corp, its officers, agents, successors,

employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)   An award of unpaid wages and minimum wages due Plaintiff and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

g)   An award of unpaid overtime wages due under FLSA and New York Labor Law;

h)   An award of damages for Defendants' failure to provide wage notice at the time of hiring, and regular paystubs as required under the New York Labor Law.

j)   An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

l)   An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)   The cost and disbursements of this action;

n)   An award of prejudgment and post-judgment fees;

o)   Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4);

p.)   That the Court find Defendants have, in the alternative, breached an implied contract with Plaintiff by unfairly exploiting Plaintiff's labor, and breached an implied contract with Plaintiff by unfairly exploiting his generosity in extending the Employee Loan;

12

q.) That, in the alternative, Defendants be ordered to pay restitution to Plaintiff for their breaches of implied contract and unjust enrichment at Plaintiff's expense; and

p) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of himself and the Collective Action Members and members of the Class, demand a trial by jury on all questions of fact raised by the complaint.

Dated: Flushing, New York, September 1, 2017    HANG & ASSOCIATES, PLLC.

/S/ WILLIAM BROWN
William Brown, Esq.
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
wbrown@hanglaw.com
Attorneys for Plaintiff