# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-18 39th Avenue, Suite 1003
Flushing, New York 11354

December 19, 2017

William Brown, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: wbrown@hanglaw.com

**VIA ECF**
Hon. Steven L. Tiscione
United States Magistrate Judge
Courtroom N504
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: Re: Chi Cheung v. American Business Institute Corp., *et al.*
        Case No. 17-cv-5299
        Motion for Settlement Approval

Dear Judge Tiscione:

  Plaintiff Chi Cheung ("Plaintiff", "Plaintiff Cheung", or "Mr. Cheung") and Defendant American Business Institute Corp. ("Defendant" or "ABI") respectfully request that Your Honor approve the settlement reached in this matter. A copy of the signed settlement agreement is annexed herein as Exhibit A. This agreement is between Plaintiff and ABI exclusively. Defendant Wade Bai is not a signatory to the settlement agreement. However, Plaintiff will also release Defendant Bai and dismiss the claims against him so long as ABI complies with the terms of the settlement agreement.

  **Settlement Amount**

  Both parties believe that the settlement amount is fair and reasonable. This action was originally brought by Plaintiff Cheung for alleged unpaid overtime wages and failure to give a wage notice at time of hire, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., and the New York Labor Law ("NYLL").

  Plaintiff Cheung alleged that he was formerly employed as a healthcare coordinator for ABI, a home health care company, from around May 4, 2015 to January 20, 2017. He alleges that he worked alternating weeks of forty (40) and forty-eight (48) hours per week. From May 4, 2015 until November 2016 Plaintiff was paid an annual sum of $40,000, regardless of actual hours worked. Starting in November 2016 ABI began paying Plaintiff overtime, however, at an incorrect rate. Finally, ABI failed to provide Plaintiff with a wage notice at the time of hiring.

If Mr. Cheung were to prevail on all of his claims, his unpaid wages, exclusive of liquidated damages, would total approximately $9,228 with an additional $5,000 in statutory penalties. This sum does not include liquidated damages, prejudgment interest, and attorney's fees. Plaintiff is confident that he will be able to prove his allegations through witness testimonies and documentary evidence. Moreover it is Plaintiff's position that ABI's change of policy, whereby overtime payments were paid after November 2016, constitutes an admission that Mr. Cheung was improperly classified as an exempt employee.

Defendants' Answer denied all of Plaintiff's allegations of unlawful practices and policies. Defendants maintain that Plaintiff was properly compensated, given wage notices regarding Plaintiff's regular rate of pay, and that Plaintiff was exempt from overtime requirements. If Defendants were to prevail on some or all of their defenses, the amount of unpaid wages or overtime wages owed to Plaintiff would be substantially reduced or eliminated. Significantly, if the case were to go to trial, Defendants argue that they would be able to demonstrate via documentary evidence and witness testimonies that Plaintiff was an exempt administrative employee and was therefore not entitled to any overtime payments.

To avoid continued litigation and its associated risks, the parties agreed on a gross settlement amount of $16,500, inclusive of Plaintiff's counsel's attorneys' fees and costs of $5,818.00 and settlement payment to Plaintiff of $10,682.00. This reflects a reasonable compromise between the parties' dispute over Defendants' alleged failure to pay unpaid overtime wages and failure to give a wage notice at time of hire and this amount considers the costs and the uncertainty of protracted litigation. This settlement was reached after extensive negotiations between the parties' attorneys and the parties agree that the settlement is fair and reasonable.

### **Attorney's Fees**

The settlement agreement also provides for reasonable attorneys' fees. Pursuant to our firm's agreement with the Plaintiffs, the firm will be reimbursed $477 in filing fees, costs, and retain 1/3 of the remaining settlement amount of $16,023 as attorneys' fees, which is $5,341.00 Based on my experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015) (*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015). Therefore, as 1/3 is standard practice in FLSA claims, it is a fair number for this matter as well.

  We have enclosed a true and correct copy of the contemporaneous time records kept by our firm in connection with this matter. (**Exhibit B**). All of time billed was reasonably necessary to secure the results we have achieved for our client thus far. Hang & Associates, PLLC ("Hang & Associates") represents both plaintiffs and defendants in litigating claims arising out of the employment relationship, including claims for employment discrimination, wage and hour issues, and contact disputes. While the majority of Hang & Associates' plaintiff-side work is contingency based, Hang & Associates typically calculates its attorney fees based on its hourly rate. Mr. Jian Hang, Esq., principal attorney of Hang & Associates, has over ten years of experience in the field of employment law. He currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and state courts and is well respected in the Flushing community. Prior to forming Hang & Associates Mr. Hang practiced labor law at Epstein, Becker & Green, P.C. Hang & Associates focuses exclusively on employment law. Given his years of experience, and the practice's specialized focus on employment law, his hourly rate of $400 per hour is reasonable. My hourly rate is $325. I am the senior managing associate at Hang & Associates, PLLC. I have been practicing exclusively in the area of labor and employment for the previous five years. In the past year alone I have been lead counsel in well over fifty cases. Since 2016 I have successfully tried three cases in Federal Court. Hang & Associates spent 32.7 hours on this matter, and had it been billing hourly, it would have incurred $12,384.50 in fees and costs. Hang & Associates is only receiving $5,818.00 in this settlement agreement. The number of attorney hours represented in the attorney worksheet is reasonable and represents hours that were necessarily expended on this litigation.

  Counsel for Plaintiff and Defendants respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

                Respectfully submitted,

                /s/ William Brown
                William Brown, Esq.

Via Ecf: Philip K. Davidoff, Esq