## AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between **CHI CHEUNG** (hereinafter referred to as "Plaintiff") and **AMERICAN BUSINESS INSTITUTE CORP. ("ABI")**, regarding Plaintiff's employment with ABI and the settlement of any and all claims Plaintiff has or may have against ABI and Wade Bai, Defendants in the Action styled *Cheung v. American Business Institute et al*, 17-cv-5299 (ST), filed in the United States District Court for the Eastern District of New York (hereinafter ABI and Wade Bai collectively referred to as "Defendants").

**WHEREAS,** Defendants deny that they failed to pay Plaintiff all wages owed to him;

**WHEREAS,** Plaintiff and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Plaintiff and Defendants, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

**1.   Payment**

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiff and in consideration for Plaintiff's execution of this Agreement, which includes a release of claims, ABI agrees to the following payment terms:

a. On or before December 31, 2017 ABI shall cause Plaintiff to be paid the gross sum of sixteen thousand five hundred dollars ($16,500.00) ("Settlement Sum") payable in a single installment. The Settlement Sum is inclusive of attorney's fees and costs. The settlement shall be allocated as follows: $10,682.00 to Plaintiff and $5,818.00 to Hang & Associates, PLLC, of which $5,341.00 are fees and $477.00 are costs. The Settlement Sum will be delivered to Hang & Associates, PLLC, 136-20 38th Avenue, Suite 10G, Flushing, New York 11354. The Settlement Sum shall be paid in three checks as follows:

i. A check made payable to Chi Cheung in the amount of $5,341.00, less applicable statutory deductions;

ii. A check made payable to Chi Cheung in the amount of $ 5,341.00, from which no deductions shall be taken; and

iii. A check made payable to Hang & Associates, PLLC in the amount of $5,818.00.

b. Within 5 days of receipt of payment, or approval of this agreement, whichever is later, Plaintiff shall file with the Court the Stipulation of Voluntary Dismissal with Prejudice attached herewith as **Exhibit "A"**.

c. Payment of the Settlement Amount due under this Agreement is contingent upon the Court approving this Agreement If the Court has not approved this Settlement Agreement by the payment date listed above, Plaintiff's counsel shall hold the checks in escrow, and shall not distribute the checks and/or funds to Plaintiff, until such Court approval is granted. If the Court does not approve this Settlement Agreement, Plaintiff's counsel is to immediately return the Settlement Sum that Plaintiff's counsel has already received as part of this Settlement Agreement.

d. In the event ABI fails to pay the Settlement Sum by the designated date as set forth in paragraph 1(a), Plaintiff shall provide seven (7) calendar days written notice to Defendants via E-mail and first class mail, sent to Philip K. Davidoff, Esq., Ford & Harrison, LLP, 60 East 42nd Street, 51st Floor, New York, NY 10165, of the default. If Defendants do not cure the defect within seven (7) days of receipt of the notice then Sections 2, 3 and 6 of this agreement shall become null and void, and Plaintiff may, at his discretion, re-commence the wage and hour litigation against Defendants, commence an action for breach of this agreement, or both. Furthermore, ABI shall be responsible for all fees and costs associated with the breach of this agreement. Failure to immediately notify ABI of default shall not constitute a waiver of their right to do so.

2. **Settlement of Claims**

Except as otherwise stated, upon execution of this Agreement, all claims brought by Plaintiff against Defendants, including disputed claims for unpaid wages, liquidated damages, and attorneys' fees and without admission that Plaintiff has established that any such claims have any merit or that Plaintiff has incurred any damages, shall be deemed settled, satisfied and resolved.

3. **Covenant Not to Sue/Mutual Nondisparagement**

Plaintiff shall not hereafter directly or indirectly commence, continue, assist or participate in any lawsuit, charge, claim or proceeding, in any forum (including but not limited to any court or agency, with the exceptions discussed in Paragraph 6 below), against Defendants arising out of or relating to any allegation or claim concerning Plaintiff's unpaid wages with Defendants, or all claims referred to or identified in the various correspondence, pleadings, etc. to and between the parties' respective law firms, unless directed by court order or subpoena. The Parties agree not to disparage any Plaintiff or Defendants involved in this Action in any way, or say or do anything that would harm the reputation of that individual and/or corporate entity. This provision shall not apply to truthful statements to others regarding the facts underlying Plaintiff's claims and/or Plaintiff's experience litigating his case.

4. **Non-Admission**

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever and Plaintiff expressly

acknowledges that Defendants continue to deny any wrongdoing arising out of Plaintiff's employment and separation thereof.

### 5.   Representations

Plaintiff understands and agrees that he has been advised to consult with an attorney before signing this Agreement.

### 6.   Wage and Hour Release

In consideration of the promises, payments, and actions of Plaintiff and Defendants set out in this Settlement Agreement and other good and valuable consideration, Plaintiff and Defendants, with respect solely and only to conduct that has arisen on, or prior to, the date this Settlement Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge each other from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims, and demands concerning wage and hour matters including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act. For purposes of this Release, the term "Defendants" shall mean Defendants American Business Institute Corp. and Wade Bai, both individually and in their official capacities and all affiliated business entities, respective agents, employees, officers, directors, insurers, heirs, successors and assigns.

### 7.   Attorneys' Fees

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party.

### 8.   Tax Consequences

The Parties agree that 50% of the settlement sum paid to Plaintiff constitutes wages, for which an IRS Form W-2 shall be issued, and the other 50% shall constitute liquidated damages and interest, for which an IRS Form 1099 shall be issued. On or before January 31, 2018, Plaintiff shall receive from ABI and ABI shall file with the Internal Revenue Service a Form W-2 and a Form 1099 reflecting payment to the Plaintiff of those portions of the settlement sum designated as wages or liquidated damages and interest, respectively, which was received by him in the prior calendar year. By December 31, 2017, Plaintiff's Counsel shall provide to Defendants' Counsel, a current address for Plaintiff for purposes of mailing IRS Forms W-2 and 1099 as described above. Plaintiff shall also provide an IRS Form W-4 within ten (10) days of this Agreement, executed by Plaintiff if he wishes to change his withholdings.

Plaintiff agrees that he shall be responsible for payment of all personal taxes that may be due as a result of the Settlement Payment. Plaintiff understands and agrees that no representation is made by or on behalf of Defendants regarding tax obligations or consequences that may arise

from this Agreement. Further, Plaintiff agrees to indemnify and hold harmless Defendants from and against all liens, liabilities, interest and penalties that may be assessed against or incurred by it as a result of not deducting taxes or other withholdings or satisfying any liens or judgments against Plaintiff on the Settlement Payment. Furthermore, Plaintiff's and his counsel shall submit to ABI signed W-9 forms.

ABI shall issue a Form 1099 to Hang & Associates, PLLC, which shall be solely responsible for any taxes owed on the sum it receives under this Agreement.

9. **Acknowledgment**

Plaintiff acknowledges that he is receiving consideration under this Agreement which represents a fair settlement of his claims. Plaintiff acknowledges that he was represented by counsel of his own choosing throughout the negotiation and the execution of the Agreement. Plaintiff further represents that he had sufficient opportunity to consider this Agreement; that he read this Agreement fully and carefully and understands its terms; and that he is signing it knowingly and voluntarily.

10. **Oral Modifications Prohibited**

This Agreement represents the entire agreement between Plaintiff and ABI with respect to Plaintiff's employment with ABI. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

11. **Enforcement of the Agreement**

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

12. **Effective Date**

This Agreement and Release shall become effective immediately upon execution.

13. **Counterparts**

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

PLAINTIFF:

_/s/ Chi Cheung_
Chi Cheung

FOR AMERICAN BUSINESS INSTITUTE CORP.:

By: ___Victor Li, Pres.___ , as an authorized agent of American Business Institute, Corp.

Date: _12-15-2017_

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Chi Cheung, individually and on behalf of all other     Case No.: 17-CV-5299
employees similarly situated,

                              Plaintiff,

    -against-

AMERICAN BUSINESS INSTITUTE CORP. and
WADE BAI

                              Defendants.
-------------------------------------------------------------X

        **WHEREAS**, Plaintiff contends that Defendants did not compensate him properly under federal (FLSA) and state (NYLL) wage and hour laws;

        **WHEREAS**, Defendants deny all allegations of wrongdoing made by Plaintiff;

        **WHEREAS**, the parties have resolved this matter in its entirety;

        **WHEREAS**, the Court approves of the parties' resolution of this case without further litigation;

        **IT IS HEREBY STIPULATED AND AGREED**, by and between the parties in the above captioned action, through the undersigned counsel, that Plaintiff's Complaint and any and all claims that were or could have been asserted in this action are hereby discontinued and dismissed, with prejudice, in accordance with Rule 41 of the Federal Rules of Civil Procedure, and with each party to bear its own costs, expenses, disbursements and attorneys' fees.

Date:   December ___, 2017          Date:   November ___, 2017

**HANG & ASSOCIATES, PLLC**          **FORD & HARRISON, LLP**
*Attorneys for Plaintiff Chi Cheung*   *Attorneys for American Business Institute Corp. and Wade Bai*

_____     _____
William Brown, Esq.                  Philip K. Davidoff, Esq.
136-20 38th Avenue, Suite 10G        60 East 42nd Street, 51st Floor
Flushing, New York 11354             New York, NY 10165
Tel.: (718) 353 8588                 Tel.: (212) 453-5915


**SO ORDERED:**


_____     **Date:** _____